# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| v. | ) | ID Nos. 2402003150 |
| | ) | 2411010203 |
| WILLIAM ANDERSON, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

On this 22nd day of July, 2026, upon consideration of William Anderson's ("Defendant") *pro se* Motion for Sentence Modification (the "Motion") made pursuant to Superior Court Rule of Criminal Procedure ("Rule") 35(b),[1] the sentence imposed upon Defendant, and the record in this case, it appears to the Court that:

1.     On February 26, 2026, the Court sentenced Defendant.[2] Among other crimes, Defendant was sentenced to 10 years at Level V, suspended after 5 years for 1 year at Level III for possession of a firearm during commission of a felony and 5 years at Level V, suspended after 2 years for 6 months at Level IV, followed by 1 year at Level III for reckless endangerment.[3] The Defendant's probationary sentences are to be served consecutively.[4]

---

[1] Docket Item (hereinafter "D.I.") 16 (hereinafter "Mot.") in Case No. 2402003150. Unless otherwise specified, all references to the docket hereinafter are references to the docket in Case No. 2402003150.
[2] Sentence Order (D.I. 15).
[3] *Id.*
[4] *Id.*

2. On April 13, 2026, Defendant filed the Motion, requesting that the Court suspend one year at Level V upon his completion of the Road to Recovery program, and/or run one year at Level V concurrent with 5 years at Level V.[5] Defendant additionally requests that the Court modify his sentence by changing his 6 months at Level IV to 1 year at Level III.[6] The bases for this request are Defendant's lack of previous rehabilitative treatment, alleged lack of medical attention while incarcerated, good behavior, and lack of family support.[7]

3. The Court considers motions for modification of sentence under Rule 35(b). Before addressing the merits of a motion, the Court first considers the applicable procedural bars.[8] There are no applicable procedural bars, and thus the Court considers the Motion on the merits.

4. The Motion is denied. Defendant's sentence was appropriate at the time of sentencing. The Court imposed the sentence after a thorough review of the crimes committed and the sentencing information available on the record. Although the Court applauds and encourages Defendant's rehabilitative efforts, the Court declines to recalibrate an appropriate sentence on the bases articulated by Defendant.

---

[5] Mot. p. 2–3.
[6] Mot. p. 3.
[7] Mot. p. 2.
[8] *State v. Redden*, 111 A.3d 602, 606 (Del. Super. 2015).

2

5.     Accordingly, Defendant's Motion for Sentence Modification is

**DENIED.**

    **IT IS SO ORDERED.**

                          _____
                          Sheldon K. Rennie, Judge